

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2007

# Widjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Widjaja v. Atty Gen USA" (2007). *2007 Decisions.* Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3100
_____

ROBY WIDJAYA,  Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES, Respondent

_____

Petition for Review of An Order of the
Board of Immigration Appeals
U.S. Department of Justice
BIA File No. A96-264-427
_____

Submitted Under Third Circuit LAR 34.1 (a)
September 28, 2007

BEFORE:   McKEE, BARRY and FISHER, Circuit Judges

(Opinion Filed: December 7, 2007)

_____

OPINION

_____

McKee, *Circuit Judge*

Roby Widjaya petitions for review of the final Order of the Board of Immigration Appeals affirming the Immigration Judge's denial of his claims for withholding of removal and relief under the United Nations Convention Against Torture ("CAT").[1]  For the reasons stated below, we will deny the petition.[2]

**I.**

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or historical background except insofar as may be helpful to our brief discussion.

The IJ ruled that Widjaya's claim for asylum was time-barred and that the late filing is not excused by any "exceptional circumstances."  We do not have jurisdiction to review that ruling.  *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). Accordingly, we limit our review to the denial of Widjaya's application

---

[1] Although we do not specifically discuss Widjaya's CAT claim, it is evident from our discussion of his claim for withholding of removal that he can not establish the kind of harsh treatment required to establish a claim based upon torture under the CAT. *See Auguste v. Ridge*, 395 F.3d 123, 136 (3d Cir. 2005).

[2] We have jurisdiction under 8 U.S.C § 1252(a)(1).  *See Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir. 2001).  Where, as here, the BIA defers to the IJ's decision and does not render its own opinion, we review the decision of the IJ as the final agency order.  *Id*. at 549 n.2; *see also Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).  We review the IJ's decision for substantial evidence: *see, e.g., Lie v. Ashcroft*, 396 F.3d 530, 534 n.3 (3d Cir. 2005).  We reverse only if, "the evidence is such that a reasonable factfinder would be compelled to conclude otherwise." *Chavarria v. Gonzales*, 446 F.3d 508, 515 (3d Cir. 2006); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

for withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").

## II.

Widjaya testified that he was fearful of living in Indonesia because he is a Christian of Chinese ancestry. However, he has not introduced evidence of past persecution. Rather, his claim rests upon a pattern or practice of prejudice that would support a well founded belief in the likelihood of future persecution. To establish eligibility for withholding of removal, he must show that "it is more likely than not that [*he*] would be subject to persecution." *INS v. Stevic*, 467 U.S. 407, 424, (1984) (emphasis added). Widjaya testified that he had to pay "protection" money in high school; that his family business was subjected to extortionate threats; that he was robbed on a couple of occasions; that his home was burglarized; and that fruit from his guava tree was taken without permission. App. Vol. II. at 31. However, with the exception of being called a "stingy Chinese" by the children stealing guava, there is no reference to any threat or activity that would qualify for "refugee" status, and the name-calling he mentioned falls woefully short of satisfying his burden. Being called derogatory ethnic names by children stealing guava from one's yard hardly rises to the level of persecution or torture that Widjaya must establish to qualify for the relief he is seeking.

Widjaya asserts that his well founded fear of persecution is a direct result of the pattern or practice of the Indonesian government persecuting Christians

throughout Indonesia. He relies in part upon our decision in *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir. 2006). This argument, however, is misplaced. In *Sukwanputra*, we remanded so the IJ could consider documents that he had originally ignored because they had not been properly certified under 8 C.F.R. § 287.6. In addition, the IJ never addressed the petitioner's claim of a pattern or practice of persecution. However, in remanding, we were careful to explain:

> Significantly, we do not hold that a pattern or practice of persecution in Indonesia in fact exists, nor do we hold that the *Lie* decision establishes that a pattern or practice does not exist since the record in this case contains a 2001 country report whereas the record in *Lie* contained an earlier 1999 country report.

*Sukwanputra*, 434 F.3d at 636, n.10 (citing *Lie v. Ashcroft, 396 F.3d 530, 537*) (3d Cir. 2005)

In *Lie,* we explained that in order for a pattern or practice of persecution to support relief from removal, the petitioner must show that the persecution is "systemic, pervasive, or organized." *Lie*, 396 F.3d at 537 (*citing Ngure v. Ashcroft*, 367 F.3d 975, 991 (8th Cir. 2004)). Furthermore, it must be "committed by the government or forces the government is either 'unable or unwilling' to control." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003) (quoting *Gao*, 299 F.3d at 272). Nothing in *Sukwanputra* lessens that evidentiary burden.

The Country Reports Widjaya introduced pertained to 2006. The BIA took administrative notice of those reports and concluded that they did not establish a

4

pattern or practice of persecution of Chinese Christians in Indonesia. The IJ concluded that "[t]he only harm to ethnic Chinese is silent or systemic discrimination." Although Widjaya claims that the IJ did not consider his evidence, the record is to the contrary. The IJ specifically noted that, although Widjaya based his claim on religious persecution as well as ethnicity, he failed to introduce any evidence to support his claim of religious persecution. Moreover, Widjaya concedes that his family continues to reside in Indonesia, apparently without incident.

Thus, the record establishes that the IJ did consider Widjaya's evidence. The IJ simply did not agree that the evidence establishes that Widjaya is a "refugee" under the immigration laws. However, that does not mean that the IJ ignored Widjaya's evidence. Rather, the evidence is simply insufficient to establish past persecution or an objectively reasonable belief in the likelihood of future persecution. Accordingly, we will deny Widjaya's request for withholding of removal, and for relief under the CAT.